## Thigpen, ordinary, *v.* Tanner.

Fish, C. J. 1. Where one was convicted of the offense of bastardy, for which a fine in a given amount was imposed upon him by the court, which fine was paid over to the ordinary of the county as required by law, "to be by him improved and applied from time to time, as occasion [might] require, for the maintenance and education of [the bastard] child and for the payment of the expense of lying-in with such child, boarding, nursing, and maintenance while the mother [should] be confined by reason thereof," and, after the payment of such last-named expenses for the mother, the child died when only five months old, the person so convicted of bastardy under the Penal Code, § 682, had no interest in the fine, and therefore could not maintain an action to enjoin the ordinary from disposing of the balance of the same.    Under the section of the code cited, such person was found guilty of a misdemeanor, for which he was, in the discretion of the court, punished by the imposition of a fine in accordance with the Penal Code, § 1065.

2. The point dealt with in the preceding note is the only one involved in the case. The trial judge erred in overruling the general demurrer to the petition brought by the person convicted of bastardy, to enjoin the ordinary from disposing of the fine involved.

*Judgment reversed. All the Justices concur.*
August 19, 1912.

Equitable petition. Before Judge Rawlings. Washington superior court. March 15, 1911.

*Hardwick & Wright,* for plaintiff in error.
*Evans & Evans,* contra.